John J. Dillon, J.
This proceeding presents the important question of whether, under a recent amendment to the State Constitution and legislation implementing such amendment, a person who is unemployed either because of retirement or for any other reason is permitted to vote in the State of New York by absentee ballot. The petitioner, formerly a public officer in this State, retired from office in September, 1963. He resides in Westchester County, New York, but expects to be absent from the State on vacation on Election Day of this year. On May 8, 1964, he filed an application with the Board of Elections requesting the issuance of an absentee ballot. The form of application used by the board requires that the applicant either furnish the name and address of his employer or state that he is self-employed. The petitioner, of course, could not furnish such information. For this reason his application was rejected. In this proceeding, brought under subdivision 7 of section 330 of the Election Law, the petitioner requests the court to declare that the board’s requirement as to employment status is unlawful and that the board be required to issue him an absentee ballot.
Prior to the present year a person away from home for vacation purposes was not qualified to vote as an absentee. The privilege of absentee voting depends primarily upon the provisions of the Constitution. With certain exceptions not material here, the privilege was formerly granted only to those unavoid *637 ably absent from their place of residence (N. Y. Const., art. II, § 2). By an amendment passed at the legislative sessions of 1962 and 1963 and voted on favorably by the electorate in the latter year, this section of the Constitution was entirely rewritten. The amendment eliminated the requirement that the absence be unavoidable. It simply authorized the Legislature to provide for absentee voting by persons who may be absent and by persons who may be unable to vote personally by reason of illness or physical disability. Unavoidable absence from one’s place of residence therefore ceased to be a requirement.
The Legislature thereupon amended section 117 of the Election Law by chapter 726 of the Laws of 1964. The amended statute, which took effect on May 1, 1964, declares that “A qualified voter, who, on the occurrence of any general election, may be * * * absent from the county of his residence * * * because he is on vacation elsewhere on the day of election, may vote as an absentee voter under this chapter.” The statute then goes on to require the filing of an affidavit stating the applicant’s qualifications and the reasons for his expected absence. The present dispute arises out of the wording of the new paragraph d of subdivision 3 of section 117, which reads as follows: “Where a qualified voter expects in good faith to be absent on the day of the next general election because he will be on vacation elsewhere on such day, such affidavit shall also contain the dates upon which he expects to begin and end such vacation, the place or places where he expects to be on such vacation, the name and address of his employer, if any, and if self employed, a statement to such effect.”
The position of the Board of Elections is that the Legislature, by requiring the applicant to state 11 the name and address of his employer, if any, and if self-employed, a statement to such effect,” has said in effect that the only vacationing persons who may have the benefit of the statute are those who are employed either by others or by themselves. It is argued in support of that view that a person cannot be “on vacation” unless he is vacationing from work. The effect of this construction would be to eliminate from the benefits of the absentee voting statute all qualified voters who are for any reason unemployed. This appears to the court to be an extremely strained construction. No such limitation is to be found in the constitutional amendment. It is true that the Constitution gives the Legislature the power to translate its provisions into effective law. But if, as the Board of Elections contends, the Legislature has so exercised this power as to give the franchise to employed persons *638 and withhold it from those who are not employed, a serious question would exist as to whether the statute does not violate section 1 of article I of the Constitution which forbids the disfranchisement of citizens of the State (Matter of Hopper v. Britt, 203 N. Y. 144; Johnson v. City of New York, 274 N. Y. 411, 423).
In this court’s view of the matter, however, it is unnecessary to decide the constitutional question. If the Legislature had intended to deny the absentee franchise to persons who are not employed one would expect to find plain language to that effect in the statute. A construction which would discriminate against retired persons and all others who might for any reason be without employment should not be based on a narrow construction of the word ‘£ vacation ” or a questionable inference drawn from the requirement that the applicant furnish his employer’s name or state that he is self-employed. Dictionary definitions of the word £ 1 vacation ’ ’ indicate that that term is by no means confined solely to periods spent away from one’s business. It may mean merely ££ respite,” ££ rest,” or ££ a period spent away from home in travel or recreation.” The court has given respectful attention to the view expressed by the Governor in signing the bill, which agrees with the present view of the Board of Elections. But it cannot adopt the restricted construction thus placed upon the legislation with its resulting exclusion of large numbers of otherwise qualified voters. The respondent has argued that absentee voting statutes should be strictly construed (Matter of Baker, 126 Misc. 49, affd. 215 App. Div. 791). But the rejection by a Board of Elections of an application for an absentee ballot is one of the subjects of which the Supreme Court has summary jurisdiction under section 330 of the Election Law; and that section expressly provides that questions of law or fact arising thereunder shall be construed liberally.
It can be argued that a Board of Elections has no adequate means of investigating the applications of unemployed persons, and that the inclusion of such persons in the class of eligible absentee voters may result in fraudulent and illegal voting. But the converse of that proposition is that, if the respondent’s interpretation should prevail, any number of thoroughly honest people would be deprived of the franchise for no better reason than the fact that they are not employed. In the one. case there may be the possibility of dishonesty; but in the other case there is a denial of equality and,fairness. The court is not prepared to conclude that the Legislature intended the latter result. The application is therefore granted.